UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME POTTER,

                Plaintiff,         CASE NO. 17-10706
                                        HON. DENISE PAGE HOOD
v.

CITY OF DETROIT, et al.,

                Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [#34]

**I. BACKGROUND**

**A. Procedural Background**

On March 6, 2017, *pro se* Plaintiff Jerome Potter ("Potter") brought this action against Defendants the City of Detroit ("Detroit"), Brian Herndon ("Herndon"), Lakena Crespo ("Crespo"), Shannon Walker ("Walker"), and Roberta C. Archer ("Archer") (collectively, "Defendants"). (Doc # 1) On August 17, 2017, Potter filed an Amended Complaint. (Doc # 29) Potter alleges 42 U.S.C. § 1983 claims for Excessive Force (Count I), Malicious Prosecution (Count I), a *Monell* claim (Count I), Substantive Due Process (Count III), and Conspiracy (Count IV). (Doc # 29, Pg. 9–13) Potter has also brought state law claims for Assault and Battery (Count V) and Respondent Superior (Count VI). (*Id.* at 13–15)

1

This matter is before the Court on Defendants Crespo and Walker's Motion for Summary Judgment on the Pleadings, filed on November 20, 2017. (Doc # 34) Potter filed a Response to the present Motion on February 13, 2014. (Doc # 42) A hearing on the Motion was set for February 14, 2018 (Doc # 36), but was not held due to Potter's failure to appear. On February 15, 2018, the Court issued Notice that the present Motion will be determined without oral argument. (Doc # 43) Potter filed a Response to the Notice of Determination, expressing his intent to file "[a]ll response and [r]eply briefs." (Doc # 44) On April 5, 2018, Potter filed a "Request for Leave of Court" to allow him to "prepare the [p]roper [b]rief's (sic) and [r]esponses." (Doc # 46) To date, Potter has not filed any other documents.

Defendants Crespo and Walker request the Court issue a judgment in their favor because, in their capacity as City of Detroit prosecutors, they are entitled to absolute immunity on Potter's § 1983 claims against them. (Doc # 34, Pg. 6) Crespo and Walker also argue that Potter's claims against them must be dismissed because the undisputed facts clearly establish probable cause that Potter violated City of Detroit Ordinance § 38-11-2. (Doc # 34, Pg. 7) Although Crespo and Walker uses the words "Summary Judgment" in the title of the present Motion, the Court interprets the Motion as a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons that follow, Defendants Crespo and Walker's Motion for Judgment on the Pleadings is **GRANTED**.

**B. Factual Background**

Potter alleges the following facts. On March 6, 2014, Potter was in attendance at 8140 Michigan Avenue in Detroit, Michigan, the location of the gentlemen's club known as the Crazy Horse. (Doc # 29, Pg. 4) While at the Crazy Horse, Potter claims he was grabbed from behind by Police Officer Herndon. (*Id.* at 4–5) Herndon grabbed Potter by the collar of his jacket and forced him into a secluded area of the club reserved for very important persons (VIP). (*Id.* at 4) Potter asked Herndon why he was grabbing his collar, to which Herndon replied, "Shut the f**k up and turn around." (*Id.* at 5) Potter asked Herndon if he was a police officer, and Herndon responded with more curse words, pushed Potter against a wall, and instructed Potter to stay facing the wall. (*Id.*)

Potter claims to have noticed Herndon reaching into Potter's pocket, and once again asked Herndon if he was a police officer. (*Id.*) Herndon then began to twist Potter's arm and dislocated his shoulder. (*Id.*)

Herndon called for backup. (*Id.* at 6) The group of officers then began beating Potter, slamming him on the ground and kneeing him in the lower back. (*Id.*) While placing his hands behind his back for handcuffing, the officers began to search his pockets. (*Id.*) Potter claims the officers took $657 from him that belonged to his wife, and took his son's car keys. (*Id.* at 7) The officers searched the car, a 1998 Ford Wind Star. (*Id.* at 7–8) Potter asked if he was under arrest.

3

(*Id.*)  The officers did not reply.  (*Id.*)  While continuing to search the car, the officers seized .27 grams of marijuana from Potter's person.  (*Id.*)

Potter was placed in a police patrol car, and taken into custody.  (*Id.* at 8)  He was subsequently charged with violating Detroit City Code Ordinance § 38-11-2, which makes it "unlawful for any person to possess, sell, offer for sale, distribute . . . or give away any controlled substance."  (Doc # 34, Pg. 4)

## II.  ANALYSIS

### A. Standards of Review

#### 1. *Rule 12(c)*

Federal Rule of Civil Procedure 12(c) authorizes parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  Motions for judgment on the pleadings are analyzed under the same standard as motions to dismiss under Rule 12(b)(6).  *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010) (internal citation and quotation marks omitted).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *Id.*

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

4

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 550 U.S. at 562).

When deciding a Rule 12(c) motion for judgment on the pleadings, as a general rule, matters outside the pleadings may not be considered unless the motion is converted to one for summary judgment under Fed. R. Civ. P. 56. *See Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). The Court may, however, consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.* at 89.

### 2. *Pro se*

Federal courts hold *pro se* complaints to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* litigants, however, are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50 (1984).

### B. Absolute Immunity

Crespo and Walker argue that Potter's claims against them must be dismissed because they are entitled to absolute immunity from § 1983 claims. Potter argues that they are not entitled to absolute immunity when they are breaking the law. (Doc # 42, Pg. 3)

"Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of

> judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal citations omitted).

As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Indeed, absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously. *Grant v. Hollenbach*, 870 F. 2d 1135, 1138 (6th Cir. 1989).

Crespo and Walker are absolutely immune from liability for their decision to prosecute Potter. In Counts I, III, and IV of the Complaint, Potter claims malicious prosecution, and that Crespo and Walker, in their capacity as City of Detroit prosecutors, violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments by prosecuting him for a violation of City of Detroit Ordinance § 38-11-2. (Doc # 29, Pg. 8-14) Potter's claims against Crespo and Walker arise entirely from their role as prosecuting attorneys on behalf of Detroit. They were not involved in the facts giving rise to Potter's state law claims.

While the Court agrees with Crespo and Walker's probable cause analysis regarding Potter's violation of City of Detroit Ordinance § 38-11-2,—specifically that the Crazy Horse is not a private club subject to the exception for marijuana

7

possession outlined in City of Detroit Ordinance § 38-11-50—further explanation is not needed. Crespo and Walker are absolutely immune from Potter's claims.

For the reasons set forth above, the Court **GRANTS** Defendant Crespo and Walker's Motion for Judgment on the Pleadings. Crespo and Walker are **DISMISSED** from this action.

Potter's "Request for Leave of Court" is **DENIED** because the request is incomprehensible. *See Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 588 (E.D. Mich. 2014). Potter has responded to the present motion, so it is not clear why he needs leave at this time.

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants Lakena Crespo and Shannon Walker's Motion for Judgment on the Pleadings (Doc # 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Lakena Crespo and Shannon Walker are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff Jerome Potter's "Request for Leave of Court" (Doc # 46) is **DENIED**.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 20, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 20, 2018, by electronic and/or ordinary mail.

                                        S/LaShawn R. Saulsberry
                                        Case Manager